

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

EDWARD EAVES JR.,

    Plaintiff,

    vs.

ROCKDALE COUNTY
SHERIFF'S OFFICE

    Defendant.

**Trial by JUDGE not a JURY**
**Case No: 1:21-CV-4710-JPB-CCB**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 7 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Edward Eaves Jr. (hereinafter referred to as "Mr. Eaves" or "Plaintiff"), Pro-Se and files this Complaint against Defendant, Rockdale County Sheriff's Office (hereinafter referred to as "Rockdale County Sheriff" or "Defendant"). As grounds for this Complaint, Plaintiff states the following:

## NATURE OF THIS ACTION

This suit is authorized and brought to secure protection of, and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964,

Codified at 42 U.S.C. statute 2000(e) et seq; as amended by the Civil Rights act of 1991, (hereinafter referred to as "Title VII").

Plaintiff-Eaves seeks injunctive and declaratory relief, compensatory damages, punitive damages, and fees associated with litigation expenses.

1

## JURISDICTION AND VENUE

1.    Jurisdiction is invoked under 28 U.S.C. statutes 1331, 1343, and 42 U.S.C. statute 2000e-5et seq.

2.    The unlawful employment practices alleged in this Complaint were committed in Rockdale County, in the Northern District of Georgia; therefore, the Venue lies within the Northern District of Georgia, under 28 U.S.C. statute 1391.

## ADMINISTRATION EXHAUSTION

3.    Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") on January 7, 2020. (See Exhibit "A"). Charge No: 410-2020-01623.

4.    The charge alleged that Plaintiff was subjected to disparate terms and conditions as an (applicant) applying as a detention officer with the defendant.

5.    Plaintiff's EEOC charge alleged he was discriminated against because of his race and age and that Defendant retaliated against Plaintiff for opposing unlawful employment practices in violation of Title VII.

6.   EEOC issued a Notice of Suits Rights (hereinafter referred to as "RTS Notice"), on or about August 17, 2021. (See Exhibit "B").

2

7. Plaintiff has now filed his Complaint within ninety (90) days of receipt of the RTS Notice.

8. Plaintiff has thus exhausted all administrative remedies available before filing this Complaint.

9. Defendant submitted their position statement to the EEOC Friday, July 21, 2020. Defendant's position statement is submitted under (bad faith) and clearly with the intent to deprive the (Court) of the truth of the matter asserted.

## PARTIES

10. Plaintiff is a citizen of the United States of America, is over the age of nineteen (19), and is a resident of Gwinnett County.

11. Defendant is an employer in the State of Georgia within the meaning of 42 U.S.C. statute 2000e(b), in that engages in an industry affecting commerce and employed (15) or more employees for the requisite duration under Title VII.

12. Defendant operates as the Sheriff for Rockdale County, 911 Chambers Drive Conyers, Georgia 30012.

## FACTS

13. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twelve (12) above with the same force and effects as if fully set out in specific detail hereinbelow.

14. Plaintiff applied with the Rockdale County Sherriff's Office as a Detention Officer on March 1, 2019.

3

15. April 4, 2019, at 12:43 pm Greta Soares (Administrative Manager) Office of Professional Standards emailed Plaintiff and stated she received the plaintiff's application booklet. Mrs. Soars further (cites) in this email April 4, 2019, the remaining documents plaintiff is required to send to complete his application process is as follows: (1) Two Passport size photos (2) Complete credit report (3) Official College Transcript (4) Driver License (5) Social Security Card (6) Three referrals and (7) page 13 of the application booklet notarized.  (See Exhibit "C") E-mail communications.

16. May 24, 2019, 9:55 am Plaintiff submitted an email communication to Mrs. Soares. Plaintiff submitted several documents to show the disposition of arrests as required and which were requested of the plaintiff. The documents were mailed (certified mail). The defendant acknowledged receipt of them.

17. Under Section VIII Arrests and Detentions Plaintiff listed he was arrested in 1995 involving a matter between Plaintiff and his former girlfriend. Under Section VII criminal activity. Plaintiff was asked if he had any assault or battery convictions. Plaintiff listed he pled guilty to common law battery in 1995.

18. Upon completion of Plaintiff's application with the Rockdale County Sherriff's office Plaintiff received a phone call from Investigator Murphy (white) with the Rockdale County Sheriff's office.  Investigator Murphy left Plaintiff a voicemail

requesting that Plaintiff return her phone call requesting further details concerning Plaintiff's arrest record.

19.  Plaintiff immediately returned Investigator Murphy's phone call the same day. Investigator Murphy was not available, and Plaintiff left voice-recorded messages asking Investigator Murphy to return his calls. Plaintiff contacted Investigator Murphy approximately ten (10) consecutive times over approximately (4) four days. Upon Investigator Murphy refusing to return Plaintiff's phone calls Plaintiff contacted the Rockdale County Sheriff's office requesting to speak with personnel concerning Investigator Murphy's voice mail.

20.  After speaking with the personnel "Major ROBINSON", a Black employee with the office for the Rockdale County Sherriff's Office. Major Robinson notified Investigator Murphy and Investigator Murphy then contacted the Plaintiff.

21. Investigator Murphy requested that Plaintiff explain his arrest record. As Plaintiff began to explain, Investigator Murphy interrupted Plaintiff and stated the Rockdale County Sheriff's office cannot hire plaintiff with these types of former arrests. Investigator Murphy then began to interrogate the plaintiff. Investigator Murphy asked the plaintiff why he had a felony conviction and did not state he was a convicted felon. Investigator's Murphy tone was very accusatory and racially charged and racially biased. Investigator Murphy refused to listen to Plaintiff's explanation of the criminal history.

5

22.   Plaintiff requested investigator Murphy provide him with her supervisor's contact information. Investigator Murphy provided the Plaintiff with Sgt. Michael Camps phone number and email.

23.   Plaintiff spoke with Sgt. Michael Camp Division Commander, (white) with the Office of Professional Standards. Sgt. Camp and Plaintiff spoke in length on the phone about Plaintiff's arrest record. At the end of our conversation Sgt. Camp stated, **"Seems you have been dealing with this for a long time."** Sgt. Camp informed Plaintiff his application and submitted documents will be reviewed. Plaintiff had no other further communications with Sgt. Camp thereafter.

24.  Plaintiff requested an appeal of Investigator Murphy's decision and filed a discrimination complaint with Tamika Major Robinson, (Black) Executive Assistant and Personnel to Sherriff Eric J Levett.  Major Robinson requested Plaintiff to provide the Rockdale County Sherriff with any supporting documentation to conduct an "accreditation" process. Major Robinson informed Plaintiff his paperwork would be submitted to Sgt. Michael Camp, Division Commander for Professional Standards to undergo an "accreditation" process for employment. (See Exhibit "D") E-mail communications. Major Robinson an Afro-American major with the Rockdale County Sheriff's Office knew that the plaintiff was being denied an opportunity to be employed with the Rockdale County Sheriff's Office because of his race black.

25. Unlike Major Robinson, Sgt. Camp and Investigator Murphy intentionally discriminated against the plaintiff because of his race black and the fact he had an arrest record as a black applicant applying with the Rockdale County Sheriff's officer. Both Investigator Murphy and Sgt. Camp refused to process the plaintiffs' application because of his race black and because of the fact plaintiff whose black had an arrest record.

26. Major Robinson, a Black employee of the Rockdale County Sheriff's Office attempted to afford the plaintiff an employment opportunity despite his race and arrest record. However, Major Robinson could not (override) Sgt. Camp (white) over the office of Professional Standards.

27. After resubmitting Plaintiff's background information to undergo the accreditation process Plaintiff attempted to reach out to Sgt. Camp on several occasions. Sgt. Camp refused to respond to Plaintiff.

28. Plaintiff contacted Major Robinson several times. Major Robinson responded in several email communications and informed Plaintiff his packet was hand-delivered to Sgt. Camp to undergo an "accreditation" process. However, again, Sgt. Camp, (white) who's over the Office of Professional Standards REFUSED to process the plaintiff's background paperwork which was resubmitted because of his race black and because the plaintiff's race black with a criminal arrest history.

29. June 18, 2019, at 9:46 pm plaintiff writes an email communication to Major Tamika Robinson.

7

30.  July 29, 2019, 4:11 pm After a phone discussion with Major.
Robinson, Major Robinson provided Plaintiff with email
communication to inform Plaintiff she followed up with Sgt.
Camp regarding Plaintiff's concerns with Investigator Murphy.
Major Robinson stated to Plaintiff "Sgt. Camp is the Division
Commander of our office of Professional Standards and has
been involved with the accreditation process." Major Robinson
stated to Plaintiff she included Sgt. camp in the email and
when times permits, Major Robinson informed Plaintiff Sgt.
Camp will follow up with Plaintiff accordingly.

31.  July 29, 2019, 5:55 pm plaintiff sent an e-mail
communication to Sgt. Camp and asked if there is anything
Plaintiff may do to assist in the "accreditation" process.

32.  August 13, 2019, 4:57 pm Plaintiff emails Major Robinson
and Sgt. Camp. concerning the "accreditation" process.

33.  August 19, 2019, 1:53 pm Plaintiff sent an e-mail
communication to Major. Robinson informs Major. Robinson
Plaintiff contacted Sgt. Camp and had not received a response.

34.  September 17, 2019, at 1:46 pm Plaintiff sent an email
communication to Sgt. Camp and Major Robinson.

35.  Defendant requested that the EEOC *not consider* the
defendant's position statement submitted to the EEOC Friday,
July 31, 2020, by requesting the following: (See Exhibit "E").

36.  Defendant states: "It's not an affidavit, nor is it intended to be
used as evidence in any proceedings connected in any way with
this charge. This position statement is submitted to the EEOC

for **potential conciliation and/or resolution only**. Edward E. Eaves, Jr. alleges that he was not selected for a position that he applied for with the Rockdale County Sheriff's Office because of his race and age and that he was retaliated against."

37. Defendant made these demands to EEOC because the defendant's position statement submitted to the EEOC is fraudulent testimony. In essence, the defendant was requesting the EEOC to provide the defendant with a way to alter their rebuttal statement submitted to the EEOC which describes the defendant's intentional act of discrimination. The defendant was aware the statement submitted to the EEOC was fraudulent. However, the defendant intended to use EEOC as a (Security shield and/or a back door to retract the defendant's position statement.

38.   Requesting EEOC to hide or conceal evidence from this court's review was in bad faith. Furthermore, the acts committed by the defendant asking EEOC to negate the defendant's position statement was to prevent this evidence from being used in court. The defendant believed by asking for this security blanket or immunity clause their position statement to the EEOC would not be admissible.

39. The request made to the EEOC by the defendant demonstrates that they knew their actions that led up to the plaintiff's discrimination charge were legitimate and factual.

40. The email communication to and from Greta Soares, administrative manager Office of Professional Standards; the email communications to and from Major Tamika Robinson administrator to Sherriff Levett, and the email communications from Plaintiff to Sgt. Michael Camp division commander for Professional Standards demonstrates the probative value to Plaintiff's claim.

41. Each email to and from Plaintiff and the defendant identify and express in **unambiguous** detail plaintiff was undergoing an "accreditation" process with his application submitted to the Rockdale County Sheriff's office. Furthermore, the emails unambiguously proffer that the plaintiff resubmitted (all) of his paperwork and dispositions of arrests to the Rockdale County Sheriff's office. Major. Robinson and Mrs. Soares clearly state in email communications Plaintiff's background paperwork resubmitted to the Rockdale County Sheriff's office was received and provided to Sgt. Camp. Mrs. Soares's email communication to the plaintiff on April 4, 2020, states the **remaining documents and items** needed are listed below. However, the defendant issued the following position statement to the EEOC Friday, July 31, 2020.

42. "Mr. Eaves did not seem to understand that he did not reveal his entire arrest history in his background packet. When he was told that he needed to provide documentation for all of his arrests, he failed to do so. His reference to an accreditation process regarding his background is inaccurate, as he was told

that the agency was undergoing the state <u>re-accreditation</u> <u>process</u>, which had nothing to do with his application."

43. Defendant knowingly submitted a fraudulent position statement to the EEOC Friday, July 31, 2020. And the facts contained in the defendant's position statement were intentionally misleading to the EEOC that shocks the conscience.

44. Defendant submitted a background check on the plaintiff using (NCIC) National Crime Information Center and the (GBI) Georgia Bureau of Investigation system. The defendant was aware that some information received was inaccurate on Plaintiff's background report which was received by the defendant. The defendant knew this was aware of this and with total and conscious disregard provided EEOC with inaccurate information.

*45.* Plaintiff resubmitted certified documents of his arrest record and dispositions of those arrests.

*46.* Although Plaintiff resubmitted these certified documents the defendant provided EEOC with inaccurate data and knowingly continued with this action. The defendant intended to provide the EEOC with inaccurate data and ensure the defendant's position statement was not used in future legal proceedings.

## CLAIMS FOR RELIEF COUNT ONE Title VII, 42 U.S.C. §§ 2000e-2(a) <u>Discriminatory EMPLOYMENT Based on Race</u>

47. Defendant engaged in unlawful employment practices in violation of Title VII when Plaintiff was required to explain to **Investigator Murphy** his arrest record and investigator Murphy stated to the plaintiff, we cannot hire you with these types of arrests. This statement was made because of the plaintiff's race. Moreover, the statement investigator Murphy made was untrue.     Additionally, **Investigator Murphy** intentionally and willfully because of Plaintiff's RACE black accused the plaintiff of being a convicted felon. Evidence of submitted (dispositions) of the plaintiff's arrest exonerated any doubt that the plaintiff was a convicted felon. The investigator accused the plaintiff of being a convicted felon because of his race Black.  Plaintiff was required to submit his background paperwork a third time in this process to Sergeant CAMP to conduct an accreditation process.  Sergeant CAMP refused to submit the plaintiff's accreditation process for approval because of the plaintiff's arrest record and his race black. (Defendant) treated similarly situated White employees more favorably than Plaintiff.  As such, Plaintiff's **Civil Rights; and his Fifth and Fourteenth Amendments Constitutional Rights were violated**. <u>Plaintiff was an applicant, not a SUSPECT of a crime</u>.

12

## Arrest & Conviction Records

Using arrest or conviction records as an **absolute bar** to employment **disproportionately excludes certain racial groups**. Therefore, such records should not be used in this manner unless there is a business need for their use. Whether there is a business need to exclude persons with conviction records from jobs depends on the nature of the job, the nature and seriousness of the offense, **and the length of time since the conviction and/or incarceration**. Unlike a conviction, <u>an arrest is no reliable evidence that an applicant has committed a crime.</u> Thus, an exclusion based on **an arrest record** is only justified if it appears not only that the conduct is job-related and **relatively recent** but also that the applicant or employee engaged in the conduct for which (s)he was arrested.

<u>To state a claim for disparate treatment for failure to hire, transfer or promote</u> under Title VII a plaintiff must allege that "1) [she] is a member of a racial minority; 2) [she] applied and was qualified for an available position; 3) [she] was rejected despite those qualifications, and 4) the position remained open, and the employer continued to seek applicants from persons of plaintiff's qualifications." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cor. 1991).

To prevail on a claim of **race discrimination** under either Title VII or Section 1981,[6] a plaintiff must prove that the defendant acted with discriminatory

13

intent. *Hawkins v. Ceco Corp.,* 883 F.2d 977, 980-981 (11th Cor. 1989); *Clark v. Huntsville City Bd. of Educ.,* 717 F.2d 525, 529 (11th Cir.1983); *see also Patterson v. McLean Credit Union,* 491 U.S. 164, 175, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) (Section 1981). Such discriminatory intent may be established by one of three generally accepted methods: by direct evidence of discriminatory intent; by circumstantial evidence meeting the test set out for Title VII cases in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); or through statistical proof. *Carter v. City of Miami,* 870 F.2d 578, 581-82 (11th Cir.1989); *see also Holifield v. Reno,* 115 F.3d 1555, 1561-62 (11th Cir.1997); *Nix v. WLCY Radio/Rahall Comm.,* 738 F.2d 1181, 1184 (11th Cor. 1984).

Because direct evidence of discrimination is seldom available, a plaintiff must typically rely on circumstantial evidence to prove discriminatory intent, using the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). *Holifield,* 115 F.3d at 1561-62. Under the *McDonnell Douglas* framework, a plaintiff is first required to create an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of racial discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S. Ct. at 1824; *see also Jones v. Bessemer Carraway Medical Ctr.,* 137 F.3d 1306, 1310, *modified on other grounds,* 151 F.3d 1321 (11th Cir.1998).

Once a plaintiff presents evidence sufficient to permit an inference of discrimination, and thus establishes a *prima facie* case, the defendant must "articulate some legitimate, nondiscriminatory reason" for the adverse employment

14

action, and produce some evidence in support of that reason. *McDonnell Douglas,* 411 U.S. at 802, 93 S. Ct. at 1824; *Jones,* 137 F.3d at 1310; *see Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093-4, 67 L. Ed. 2d 207 (1981). If the defendant can meet this burden of production, the plaintiff, to prevail, must then present sufficient evidence to demonstrate that the proffered reason is merely a pretext for discrimination. *See Burdine,* 450 U.S. at 253-54, 101 S. Ct. at 1093-4.

This *McDonnell Douglas-Burdine* framework of shifting burdens of proof is a valuable tool for analyzing evidence in cases involving alleged disparate treatment, but a framework is only a tool. *Nix,* 738 F.2d at 1184. The "ultimate question" is not whether a plaintiff has established a *prima facie* case or demonstrated pretext, but "whether the defendant intentionally discriminated against the plaintiff." *Nix,* 738 F.2d at 1184 (quoting *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 713-14, 103 S. Ct. 1478, 1481-82, 75 L. Ed. 2d 403 (1983)); *Jones,* 137 F.3d at 1313. The plaintiff retains the ultimate burden of proving that the defendant is guilty of intentional discrimination. *Burdine,* 450 U.S. at 253, 101 S. Ct. 1089.

As the Magistrate Judge noted, the plaintiff does not contend that she has direct evidence of any discriminatory intent on behalf of the defendant; thus, her claim of discriminatory treatment rests purely on circumstantial evidence and must be analyzed under the *McDonnell Douglas-Burdine* framework. Under this framework, the plaintiff must first establish a *prima facie* case of discrimination under Title VII by showing that: 1) she is a member of a protected class; 2) she was subjected to an

15

adverse job action; 3) her employer treated other similarly situated employees outside her protected class more favorably, and 4) she was qualified to do the job. *McDonnell Douglas,* 411 U.S. at 802, 93 S. Ct. at 1824; *see also Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cor. 1997).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## SECOND CLAIM FOR RELIEF

## (Disparate Treatment) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]

*48.* Plaintiff re-alleges and incorporates by reference paragraphs one (1) through (47) above with the same force and effects as if fully set out in specific detail hereinbelow.

*49.* Defendant discriminated against Plaintiff-Eaves by denying Eaves employment with the Rockdale County Sheriff's office because of his race black. The conversation between Eaves and Investigator Murphy concerning Eaves arrest record was racially biased. Investigator Murphy was notified approximately ten (10) consecutive times asking that she return Plaintiff's phone calls. Upon Investigator Murphy refusing to return Plaintiff's phone calls Plaintiff contacted the Rockdale County Sheriff's office requesting to speak with

16

personnel concerning Investigator Murphy's voice mail and to report Investigator Murphy's discriminatory practice. After speaking with the personnel office for the Rockdale County Sherriff's Office Investigator Murphy contacted the Plaintiff. Investigator Murphy requested that Plaintiff explain his arrest record. As Plaintiff began to explain, Investigator Murphy interrupted the Plaintiff and stated the Rockdale County Sheriff's office cannot hire the plaintiff with this type of former charge and arrest.  Investigator Murphy accused Plaintiff of being a convicted felon. Plaintiff informed Investigator Murphy he opposed unlawful discrimination and he believed her statements and decisions were discriminatory. After the conversation with Investigator Murphy, Plaintiff spoke with Michael Camp Division Commander, Office of Professional Standards. Sgt. Camp and Plaintiff spoke in "length" on the phone about Plaintiff's arrest record and the dispositions. At the end of our conversation Sgt. Camp stated to Plaintiff, **"Seems you have been dealing with this for a long time."** Sgt. Camp informed Plaintiff his application will be reviewed. Plaintiff had no other further communications with Sgt. Camp thereafter except for Plaintiff's E-mail communications to Sgt. Camp from Plaintiff with no response from Sgt. Camp.

50.   Although Plaintiff was informed, he was undergoing an "accreditation" process with the Rockdale County Sheriff's office Sgt. Camp refused to respond to the plaintiff.

17

51.   Plaintiff-Eaves' race and arrest records were the determining factors and the motivating factor in Defendants' adverse employment action denying Eave's employment. Defendant knowingly submitted (perjured) statements to the EEOC averring this process (accreditation process) was not meant for Eaves. However, e-mails from Major Robinson and Greta Soares contradict this false statement unambiguously in its entirety. As a direct, legal, and proximate result of the discrimination, Plaintiff-Eaves has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Eaves' right to be free from discrimination based on his race.

## THIRD CLAIM FOR RELIEF

52.   [Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a)]

53.   Plaintiff-Eaves incorporates by reference as if fully set forth herein the allegations contained in paragraphs (1) – (51), above.

54.   Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

55.   Plaintiff-Eaves engaged in protected activity by making numerous complaints to Defendants' agents and employees.

18

Plaintiff Eaves submitted complaints about Defendants' employment practice and opposed the unlawful discriminatory practice by the defendant that required Plaintiff-Eaves, as a term and condition for employment.

56. As a result of Plaintiff-Eaves' complaints, opposing unlawful discrimination Defendants, their agents, and/or employees took materially adverse actions against Plaintiff-Eaves.

57. As a direct, legal, and proximate result of the discrimination, Plaintiff-Eaves has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

58. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Eaves' right to be free from retaliation.

59. **DECLARATORY RELIEF ALLEGATIONS**

60. A present and actual controversy exist between Plaintiff-Eaves and Defendants concerning their rights and respective duties. Plaintiff-Eaves contends that Defendants violated his rights under Title VII, 42 U.S.C. § 1981. Plaintiff-Eaves is informed and believes and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

**INJUNCTIVE RELIEF ALLEGATIONS**

61. No plain, adequate, or complete remedy at law is available to Plaintiff-Eaves to redress the wrongs alleged herein.

62.    If this Court does not grant the injunctive relief sought herein, Plaintiff-Eaves will be irreparably harmed.

WHEREFORE, Plaintiff- prays for relief as follows:

63. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful.

64. For compensatory damages for Plaintiff-Eaves emotional pain and suffering, in an amount to be proven at trial;

65. For punitive damages in an amount to be determined at trial;

66. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

67. For such other and further relief as this Court deems just and proper.

Dated: January 2, 2022

Respectfully submitted,

Edward Eaves Jr.
1624 Paces Commons Drive
Duluth, Ga 30093
(704) 726-4939
Edward_eaves@yahoo.com

DEFENDANT TO BE SERVED BY PROCESS OF SERVICE AT THE FOLLOWING ADDRESS:

Nicole Martinez
HR Representative
ROCKDALE COUNTY
911 Chambers Drive
Conyers, GA 30012

PHONE: 770-278-8000
FAX: 770-785-2494

Attachments

1. Letter of Recommendation from FBI Agent
2. Criminal Justice Background Screening Clearance State of Florida July 24, 2012.
3. Department of Children and Family Services Clearance December 23, 2010.
4. Order of Abatement February 4, 1997.
5. Bachelor's Degree in Criminal Justice and College Transcript.
6. Alabama Regulatory Board Security License October 17, 2018.
7. Georgia Bureau of Investigation Certificate October 21, 2021.
8. Department of the NAVY Board of Corrections of Naval Records November 11, 2019.

EEOC Form 161 (11/2020)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Edward E. Eaves, Jr.<br>428 Springhead Drive<br>College P, GA 30046 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-01623 | Paul Chung,<br>Investigator | (404) 562-6858 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

# Derick Newton
For

Digitally signed by Derick Newton
Date: 2021.08.17 16:22:47 -04'00'

Enclosures(s)

**Darrell E. Graham,**
**District Director**

*(Date Issued)*

cc:    **Nicole Martinez**
**HR Representative**
**ROCKDALE COUNTY**
**911 Chambers Drive**
**Conyers, GA 30012**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 410-2020-01623 |

| null | and EEOC |
|---|---|

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. EDWARD E EAVES | (704) 726-4939 | 1963 |

Street Address — City, State and ZIP Code

4001 LAKEMONT DRIVE APT 20J,  COLLEGE PARK, GA 30337

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ROCKDALE COUNTY SHERIFF'S OFFICE | 15 - 100 | (770) 278-8000 |

Street Address — City, State and ZIP Code

911 CHAMBERS DRIVE,  CONYERS,  GA 30012

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-24-2019  Latest: 08-13-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I applied for a position with above-named employer on March 1, 2019, as a Detention Officer. A background check revealed an arrest 26 years ago. In May of 2019, I was told that I would not be hired. I appealed the decision and the County decided to undergo an accreditation process regarding my arrest. However, there has not been a status update. On August 13, 2019, I last emailed to inquire about the accreditation process but there has not been a response.

I believe I have been discriminated against because of my race (African-American) and retaliated against for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age (56), in violation of Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Edward Eaves on 01-07-2020 10:52 AM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# OFFICE OF THE SHERIFF
# ROCKDALE COUNTY, GEORGIA



**ERIC J. LEVETT**
**SHERIFF**

**PHONE: 770-278-8000**

**FAX: 770-785-2494**

**DATE**: Friday, July 31, 2020

**TO**: U.S. Equal Employment Opportunity Commission – Atlanta District Office

**FROM**: Sheriff Eric J. Levett

**SUBJECT**: Position Statement – Mr. Edward E. Eaves, Jr.

## Introduction

This position statement is submitted based on the Rockdale County Sheriff's Office investigation of the facts to date. It is not an affidavit, nor is it intended to be used as evidence in any proceeding connected in any way with this charge. By submitting this position statement, the Rockdale County Sheriff's Office in no way waives its right to present different, new, or additional facts or arguments based upon subsequently acquired information or evidence. Additionally, this position statement is submitted to the EEOC for the purposes of potential conciliation and/or resolution only. Edward E. Eaves, Jr. alleges that he was not selected for a position that he applied for with the Rockdale County Sheriff's Office because of his race and age, and that he was retaliated against.

## Charging Party's Allegation

Edward Eaves stated that he applied for a position with the Rockdale County Sheriff's Office on March 1, 2019, as a Detention Deputy. Per Mr. Eaves, "A background check revealed an arrest 26 years ago. In May of 2019, I was told that I would not be hired. I appealed the decision and the County decided to undergo an accreditation process regarding my arrest. However, there has not been a status update. On August 13, 2019, I last emailed to inquire about the accreditation process but there has not been a response.

I believe I have been discriminated against because of my race (African-American) and retaliated against for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age (56), in violation of Age Discrimination in Employment Act of 1967, as amended."

## Summary of Facts

Edward Eaves applied for a position with the Rockdale County Sheriff's Office on March 1, 2019, as a Detention Deputy.  Mr. Edward Eaves completed the Rockdale County Sheriff's Office Applicant Processing Booklet (APB) on March 1, 2019.  In the booklet on page 21 of 27,

Section VIII: Arrests and Detentions, Mr. Eaves filled out that he had been arrested October 1995 for a matter which involved his ex-girlfriend and Mr. Eaves stated in the disposition box that his case had been dismissed. This was the only entry on Mr. Eaves' application stating that he had being detained, arrested, or charged by any law enforcement agency.

A background check into Mr. Eaves criminal history in National Crime Information Center (NCIC) completed on April 4, 2019 revealed an arrest history different than what was listed in the background packet, showing:

- 4/18/1989: Arrest by Maywood Police Department (Illinois) for Criminal Damage to Property (Disposition – Unknown)
- 9/7/1989: Arrest by Maywood Police Department (Illinois) for Theft (Disposition – Unknown)
- 4/5/1995: Arrest by Montgomery County Police Department (Maryland) for Battery, Theft & Malicious Destruction of Property (Disposition – Nolle Prosequi)
- 11/16/1995: Arrest by Metropolitan Police Department of the District of Columbia (Washington, D.C.) for Kidnapping (Disposition – Unknown)
- 11/21/1995: Arrest by Prince Georges Sheriff's Office for Kidnapping, Rape 2nd Degree & False Imprisonment (Disposition – Nolle Prosequi for all charges with the exception of a disposition of Guilty for an added charge of Battery with a sentence of 3 years confinement, suspended to serve probation)
- 4/29/2005: Arrest by Maywood Police Department (Illinois) for Theft (Disposition – Unknown)

The APB requests that the applicant list any/all incidents where you have been detained, arrested, or charged by any law enforcement agency. Mr. Eaves did not list all charges, as evidenced by his criminal history incidents listed above. Additionally, per RCSO Policy and Procedure General Order 1.12 Hiring and Selection, "it shall be the sole responsibility of the applicant to return the APB to the RCSO's OPS with all required documentation….to include the following…7. Court disposition documents and/or police reports…"

Based on Mr. Eaves discrepancies in his self-reported criminal history in the APB that he turned in and what was revealed through the NCIC criminal history, he was denied employment in a letter dated May 28, 2019. When he later inquired into the reasoning, he was told that it was based on his criminal history and not having dispositions and/or police reports for his several arrests, which was his responsibility to provide. Mr. Eaves did not seem to understand that he did not reveal his entire arrest history in his background packet. When he was told that he needed to provide documentation for all of his arrests, he failed to do so. His reference to an accreditation process regarding his background is inaccurate, as he was told that the agency was undergoing the state re-accreditation process, which had nothing to do with his application.

Mr. Eaves' age nor race were not a factor in his not being offer a job opportunity with the Rockdale County Sheriff's Office. The decision was based on Mr. Eaves failing to meet the Rockdale County Sheriff's Office Hiring and Selection process requirements and standards. Mr. Eaves was not discriminated based on his age, race, or any other protected class under Title VII.

**Rockdale County Sheriff's Office**

**911 Chambers Drive**

**Conyers, Georgia 30012**

**www.rockdalesheriff.com**

-------------------------------------------

**(770) 278-8058 – Office**

RCSO Online Job Application Receiveds
Yahoo/Inbox

• **Greta Soares** <greta.soares@rockdalecountyga.gov>

**To:**edward_eaves@yahoo.com

Mar 1 at 1:35 PM

The Rockdale County Sheriff's Office (RCSO) has received your online job application. To move forward in the application process, **you must print and complete the Applicant Process Booklet (APB) and return it to the RCSO.** This packet that will be used for the background investigation; therefore, <u>please print clearly, be detailed and completely truthful</u>.

- <u>**It is the sole responsibility of the applicant**</u> to turn-in a complete packet. There is NO TIME LIMIT on how long you take to gather the required documents.

- **However, AFTER packet is turned into Office of Professional Standards (OPS),** <u>**applicants have 10 business days**</u> to provide any missing documents <u>**or be eliminated from hiring process**</u>.

- You must notify OPS to request an extension.

- **You will be removed from hiring process** unless granted an extension**.**

- Read all of the instructions before contacting OPS with questions:

Inv. Murphy :  <u>Candice.Murphy@rockdalecountyga.gov</u> **(770-278-8184)**

To:**Edward Eaves**
Cc:**Michael Camp**
Jul 29 at 4:11 PM

**Greetings Mr. Eaves,**

**After our phone discussion I followed up with Sgt. Camp in regards to your concerns with Inv. Murphy. Sgt. Camp is the Division Commander of our Office of Professional Standards and has been involved with the accreditation process. I have included him in this email and <u>when time permits he will follow-up with you accordingly</u>. I am appreciative of your patience and I hope that Sgt. Camp will provide you the answers you're seeking.**

Kind Regards,

Tamika Robinson Major

Executive Assistant to Sheriff Levett

Rockdale County Sheriff's Office

911 Chambers Drive

Conyers, GA 30012

Office: 770-278-8106

From: Edward Eaves <edward_eaves@yahoo.com>
**Sent:** Monday, July 29, 2019 1:53 PM
**To:** Tamika Robinson Major

Aug 19 at 12:40 PM

Dear Mrs. Robinson how are you?

I have notified Sgt. Camp as you know however, he has
not responded with any information to date.

Thank you,

**Edward Eaves** <edward_eaves@yahoo.com>
To:TAMIKA.ROBINSONMAJOR@ROCKDALECOU
NTYGA.GOV
Jun 18 at 10:51 PM

Dear Mrs. ROBINSON:

**Please provide these documents to the FOLLOWING in which I
emailed. These documents will show that the charges Mrs. Murphy is
concerned with were nol processed and dismissed.**

In 2011 upon graduation from college I applied for the DCFS in Florida as a
caseworker. Valerie Murphy was my investigator and (cleared) me thus
issuing me a license in the State of Florida.

However, aforementioned, I am continually stigmatized because those who
read the charges are unwilling and respectfully, in understanding that this
was a matter involving my ex and I was charged with crimes I did not
commit. However, no one who reads the charges knows this was a
domestic incident which a PROSECUTOR for Md. OVERCHARGED me
and did it seem to promote their cause.

Nonetheless, the only thing which shows that I was wrongfully charged is
the fact the judge nol processed the charges and abated my probation
which was unsupervised. Thus, if I were indeed a threat or criminal this
would not have happened. Moving forward I learned from this and I willingly

teach other minority men they too could be charged with serious felonies involving a minor dispute with their significant other which is blown way out of proportion.

These documents which I have provided you are the documents which I was willing to personally drive to ATLANTA and give to the SGT.

All my life since this incident I have had to explain. Thus, today when Mrs. Murpphy called me and repeatedly mentioned my charges I knew it was the beginning all over again and now I need to show the Sheriff's department the truth of the matter asserted.

This is the same process whereby, I had to go through when I began LAW SCHOOL in Alabama upon registering for my State Bar License and upon obtaining my security license for the State of Alabama. When

Mrs. Soares wrote to me in April 2019, I was somewhat relieved because I thought based on the documents she requested my background had come back cleared especially having an AL security license. However, today after speaking with Mrs. Murpghy I see I was judges very harshly as if I was a criminal.

**Edward Eaves** <edward_eaves@yahoo.com>
To:TAMIKA.ROBINSONMAJOR@ROCKDALECOUNTYGA.GOV,Edward Eaves
Jun 18 at 9:46 PM
**Dear Mrs. Robinson,**

**Attached hereto, are the emails which I spoke of in my earlier email to the Sherrif's Department.**

**What I am attempting to do is show that I was committed and was willing to do what it took to serve.**

**Thank you,**


**Edward Eaves** <edward_eaves@yahoo.com>

To:**Greta Soares**

Aug 19 at 12:40 PM

Dear Mrs. Robinson how are you?

I have notified Sgt. Camp as you know however, he has not responded with any information to date.

Thank you,

**Edward Eaves** <edward_eaves@yahoo.com>
**To:**TAMIKA.ROBINSONMAJOR@ROCKDALECOU
NTYGA.GOV
Jun 18 at 10:51 PM

Dear Mrs. ROBINSON:

**Please provide these documents to the FOLLOWING in which I emailed. These documents will show that the charges Mrs. Murphy is concerned with were nol processed and dismissed.**

In 2011 upon graduation from college I applied for the DCFS in Florida as a caseworker. Valerie Murphy was my investigator and (cleared) me thus issuing me a license in the State of Florida.

However, aforementioned, I am continually stigmatized because those who read the charges are unwilling and respectfully, in understanding that this was a matter involving my ex and I was charged with crimes I did not commit. However, no one who reads the charges knows this was a domestic incident which a PROSECUTOR for Md. OVERCHARGED me and did it seem to promote their cause.

Nonetheless, the only thing which shows that I was wrongfully charged is the fact the judge nol processed the charges and abated my probation which was unsupervised. Thus, if I were indeed a threat or criminal this would not have happened. Moving forward I learned from this and I willingly

teach other minority men they too could be charged with serious felonies involving a minor dispute with their significant other which is blown way out of proportion.

These documents which I have provided you are the documents which I was willing to personally drive to ATLANTA and give to the SGT.

All my life since this incident I have had to explain. Thus, today when Mrs. Murpphy called me and repeatedly mentioned my charges I knew it was the beginning all over again and now I need to show the Sheriff's department the truth of the matter asserted.

This is the same process whereby, I had to go through when I began LAW SCHOOL in Alabama upon registering for my State Bar License and upon obtaining my security license for the State of Alabama. When

Mrs. Soares wrote to me in April 2019, I was somewhat relieved because I thought based on the documents she requested my background had come back cleared especially having an AL security license. However, today after speaking with Mrs. Murpghy I see I was judges very harshly as if I was a criminal.

**Edward Eaves** <edward_eaves@yahoo.com>
To:TAMIKA.ROBINSONMAJOR@ROCKDALECOUNTYGA.GOV,Edward Eaves
Jun 18 at 9:46 PM
**Dear Mrs. Robinson,**

**Attached hereto, are the emails which I spoke of in my earlier email to the Sherrif's Department.**

**What I am attempting to do is show that I was committed and was willing to do what it took to serve.**

**Thank you,**

**Edward Eaves** <edward_eaves@yahoo.com>

To:**Greta Soares**

**It was my pleasure speaking with you today.**

**As stated please inform the investigator any further documents needed to process my application please let me know.**

**I provided several documents to assist with the process however if verifications are needed PLEASE let me know.**

**Thank you**

**Greta Soares** <Greta.Soares@RockdaleCountyGA.gov>

To:'Edward Eaves'

Apr 16 at 6:25 AM

Good Morning,

I have received your voice mail.  Please understand that the process does not start until I have received all your documentation.  The next step is verification of such items.  As suggested, you may send them under separate cover, or walk them into the lobby (lobby open 24 hours), address the envelope to me.  Hope this was helpful.  If you require any further assistance, feel free to call me directly

**GL Soares**

**Administrative Manager**

**Office of Professional Standards**

The Applicant Background Packet is attached to this email.

# Greta Soares

**GL Soares**

**Administrative Manager**

**Office of Professional Standards**

---------------------------------------

**Rockdale County Sheriff's Office**

**911 Chambers Drive**

**Conyers, Georgia 30012**

www.rockdalesheriff.com

------------------------------

**(770) 278-8058 – Office**

**Edward Eaves** <edward_eaves@yahoo.com>
To:Greta.Soares@RockdaleCountyGA.gov
Mar 26 at 2:05 AM
Dear Mrs. SOARES:

Attached hereto is the application of Edward Eaves Jr. for detention officer.

Thank you,

# Tamika Robinson
**Major** <tamika.robinsonmajor@rockdalecountyga.gov>

May 24 at 9:55 AM

Mrs. Soares:

How are you?

I have submitted several documents for the position of Detention
Officer, which was requested (certified mail). I am following up with
you to ensure you have received them.

Thank you,

Edward Eaves

Edward Eaves <edward_eaves@yahoo.com>

To:Greta Soares

May 28 at 10:48 AM

Dear Mrs. Soares

Kind Regards,

Tamika Robinson Major

Executive Assistant to Sheriff Levett

Rockdale County Sheriff's Office

911 Chambers Drive

Conyers, GA 30012

Office: 770-278-8106

**From: Edward Eaves <edward_eaves@yahoo.com>**
**Sent: Monday, July 29, 2019 1:53 PM**
**To: Tamika Robinson Major**
**<Tamika.RobinsonMajor@RockdaleCountyGA.gov>**
**Subject: Accreditation Process**

Hello Mrs. Robinson:

I left you a voicemail inquiring how long the accreditation process will take. I am respectfully inquiring because I was curious.

Thank you in advance,

Edward Eaves

Edward Eaves Jr.
Yahoo/Sent

• **Edward Eaves** <edward_eaves@yahoo.com>

To:Michael Camp,Tamika Robinson Major

Sep 17 at 1:46 PM

# Sgt. Camp,

I left you a voicemail. I will be relocating to Atlanta this week to help my daughter. I appreciate and understand that my status is under the (accreditation process),

I am reaching out to you because I would as stated before like to meet with you in person to discuss my application and the criminal history which was processed.

I appreciate your concern in conducting an accreditation process however, because those charges have and are a matter which has been one of profound harassment in my life I have always prepared myself. I attained a degree in law to help myself through this process.

I have always practiced with employers the task of (introducing) myself to them. As a former law student and paralegal for many years I understand the disdain of a persons character on paper involving a criminal matter with no outlook on their character because there is no in person meeting to match a name with a face.

**I for example have a letter dated in 2007 when I graduated from college from the Judge Sherri Krouser who was over my case and NOL PROCESSED the charges congratulating me on my graduation. My example is she knew there was injustice but more importantly, she met me as a person who had never been involved in anything like what I was falsely accused of and she was aware that it involved my former girlfriend. I have the letter in my possession and the significance is this same judge is the judge who ABATED my probation because she saw an injustice and the same judge who wrote me years after the case was over and congratulated me on my college graduation.**

**I want to show you this letter in person to prove to you that I am not the person who was displayed on the criminal charges. The judge knew that I was not and when I reveal this letter to others they too see that my character and personality is who I am in person and not on a piece of paper.**

Finally, you may ask why does this applicant want to work for Rock dale County so bad? Its not the pay its the position. Becoming a member of the Sheriff's department and vested with the ethical responsibility and accountability for truth and justice is a success in itself.

I understand that an employer seeks honesty, loyalty, and integrity. I am committed and I will never allow myself to be less than. You yourself said to me on the phone when we SPOKE for the first time this has been a problem for you many years? I responded yes. I felt then you understood my plight.

I am committed to serve. I understand authority. I understand chain of command. However, I had to reach out to you and Mrs. Major because I wanted to show i was not given the chance to explain.

Obtaining this position and vested with the responsibility of the Sheriff's department would change my life forever. All that I ask of you is a chance.

I made a mistake when in my life by reacting to a domestic issue between a man and woman and I am ashamed of that. I had no right to commit a battery to my former girlfriend. I have never put my hands on a woman ever again. I am an advocate for women as I was in Washington DC, Maryland, and Chicago. I recall helping many women in serious matters involving men. I did this because I wanted to be the person I am not what is on paper. BELOW is a letter I wrote to a Judge in Birmingham two weeks ago. I am an advocate for justice. I am a man who believes the law should apply to all of us. I am a man who has a daughter and a beautiful 2 year old granddaughter whom I want to have a life of protection and look up to me as a father and grandfather with pride and respect. my goal is to teach them both how a man should be in this lifetime. I helped this women because she was in need and no one was helping her. I believe that we all who have the knowledge and understating in the law should take a stand to help and serve.

Thank you,

Edward Eaves Jr.

I just left you a voicemail. I am contacting you to find out if anything has been completed with the accreditation process.


Thank you,

Edward Eaves Jr.


On Monday, July 29, 2019, 05:55:18 PM PDT, Edward Eaves <edward_eaves@yahoo.com> wrote:


Sgt. Camp,

Sir, if there is anything I can do to assist you in the accreditation process please don't hesitate to ask.  If you require additional references i.e. character and fitness than what I have provided to the department please let me know.

If you are in need of additional certification documents please let me know.

**Finally, as stated if you require to meet with me to interview and discuss said documents I am more than willing to do in persona at your request.**

Thank you in advance,


Edward Eaves

**On Monday, July 29, 2019, 03:11:24 PM CDT, Tamika Robinson Major <Tamika.RobinsonMajor@RockdaleCountyGA.gov> wrote:**


Greetings Mr. Eaves,

After our phone discussion I followed up with Sgt. Camp in regards to your concerns with Inv. Murphy. Sgt. Camp is the Division Commander of our Office of Professional Standards and has been involved with the accreditation process. I have included him in this email and when time permits he will follow-up with you accordingly. I am appreciative of your patience and I hope that Sgt. Camp will provide you the answers you're seeking.

<Tamika.RobinsonMajor@RockdaleCountyGA.gov>
**Subject:** Accreditation Process

Hello Mrs. Robinson:

I left you a voicemail inquiring how long the accreditation process will take.
I am respectfully inquiring because I was curious.

Thank you in advance,

Edward Eaves

**From: Edward Eaves <edward_eaves@yahoo.com>**
**To: Tamika Robinson Major**
**<tamika.robinsonmajor@rockdalecountyga.gov>**
**Cc: Michael Camp**
**<michael.camp@rockdalecountyga.gov>**
**Sent: Tuesday, August 13, 2019, 04:57:12 PM EDT**
**Subject: Re: Accreditation Process**

Hello Sgt. Camp:

**Tamika Robinson Major** <tamika.robinsonmajor@rockdalecountyga.gov>
To:**edward_eaves@yahoo.com**
Jun 25 at 8:57 AM

Good Morning Mr. Eaves,
I hand delivered the packet you sent to Sgt. Camp. We are undergoing an Accreditation process. I appreciate your paitence and will follow up with you accordingly.

Kind Regard,
Tamika R. Major
E.A. to Sheriff Levett
Rockdale County Sheriff's Office


**Edward Eaves** edward_eaves@yahoo.com

To:Tamika Robinson Major
Cc:Michael Camp
Aug 13 at 4:57 PM

Hello Sgt. Camp:

I just left you a voicemail. I am contacting you to find out if anything has been completed with the accreditation process.


Thank you,

Edward Eaves Jr

**Edward Eaves** <edward_eaves@yahoo.com>
To:Tamika Robinson Major

Kind Regards,

Tamika Robinson Major

Executive Assistant to Sheriff Levett

Rockdale County Sheriff's Office

911 Chambers Drive

Conyers, GA 30012

Office: 770-278-8106

**From: Edward Eaves <edward_eaves@yahoo.com>**
**Sent: Monday, July 29, 2019 1:53 PM**
**To: Tamika Robinson Major**
**<Tamika.RobinsonMajor@RockdaleCountyGA.gov>**
**Subject: Accreditation Process**

Hello Mrs. Robinson:

I left you a voicemail inquiring how long the accreditation process will take. I am respectfully inquiring because I was curious.

Thank you in advance,

Edward Eaves

Edward Eaves Jr.
Yahoo/Sent

- **Edward Eaves** <edward_eaves@yahoo.com>

# To:Michael Camp,Tamika Robinson Major

Sep 17 at 1:46 PM

## Sgt. Camp,

I left you a voicemail. I will be relocating to Atlanta this week to help my daughter. I appreciate and understand that my status is under the (accreditation process),

I am reaching out to you because I would as stated before like to meet with you in person to discuss my application and the criminal history which was processed.

I appreciate your concern in conducting an accreditation process however, because those charges have and are a matter which has been one of profound harassment in my life I have always prepared myself. I attained a degree in law to help myself through this process.

I have always practiced with employers the task of (introducing) myself to them. As a former law student and paralegal for many years I understand the disdain of a persons character on paper involving a criminal matter with no outlook on their character because there is no in person meeting to match a name with a face.

**I for example have a letter dated in 2007 when I graduated from college from the Judge Sherri Krouser who was over my case and NOL PROCESSED the charges congratulating me on my graduation. My example is she knew there was injustice but more importantly, she met me as a person who had never been involved in anything like what I was falsely accused of and she was aware that it involved my former girlfriend. I have the letter in my possession and the significance is this same judge is the judge who ABATED my probation because she saw an injustice and the same judge who wrote me years after the case was over and congratulated me on my college graduation.**

**I want to show you this letter in person to prove to you that I am not the person who was displayed on the criminal charges. The judge knew that I was not and when I reveal this letter to others they too see that my character and personality is who I am in person and not on a piece of paper.**

Finally, you may ask why does this applicant want to work for Rock dale County so bad? Its not the pay its the position. Becoming a member of the Sheriff's department and vested with the ethical responsibility and accountability for truth and justice is a success in itself.

I understand that an employer seeks honesty, loyalty, and integrity. I am committed and I will never allow myself to be less than. You yourself said to me on the phone when we SPOKE for the first time this has been a problem for you many years? I responded yes. I felt then you understood my plight.

I am committed to serve. I understand authority. I understand chain of command. However, I had to reach out to you and Mrs. Major because I wanted to show i was not given the chance to explain.

Obtaining this position and vested with the responsibility of the Sheriff's department would change my life forever. All that I ask of you is a chance.

I made a mistake when in my life by reacting to a domestic issue between a man and woman and I am ashamed of that. I had no right to commit a battery to my former girlfriend. I have never put my hands on a woman ever again. I am an advocate for women as I was in Washington DC, Maryland, and Chicago. I recall helping many women in serious matters involving men. I did this because I wanted to be the person I am not what is on paper. BELOW is a letter I wrote to a Judge in Birmingham two weeks ago. I am an advocate for justice. I am a man who believes the law should apply to all of us. I am a man who has a daughter and a beautiful 2 year old granddaughter whom I want to have a life of protection and look up to me as a father and grandfather with pride and respect. my goal is to teach them both how a man should be in this lifetime. I helped this women because she was in need and no one was helping her. I believe that we all who have the knowledge and understating in the law should take a stand to help and serve.

Thank you,

Aug 19 at 12:40 PM

Dear Mrs. Robinson how are you?

I have notified Sgt. Camp as you know however, he has not responded with any information to date.

Thank you,

**Edward Eaves** <edward_eaves@yahoo.com>
To:TAMIKA.ROBINSONMAJOR@ROCKDALECOU
NTYGA.GOV
Jun 18 at 10:51 PM

Dear Mrs. ROBINSON:

**Please provide these documents to the FOLLOWING in which I emailed. These documents will show that the charges Mrs. Murphy is concerned with were nol processed and dismissed.**

In 2011 upon graduation from college I applied for the DCFS in Florida as a caseworker. Valerie Murphy was my investigator and (cleared) me thus issuing me a license in the State of Florida.

However, aforementioned, I am continually stigmatized because those who read the charges are unwilling and respectfully, in understanding that this was a matter involving my ex and I was charged with crimes I did not commit. However, no one who reads the charges knows this was a domestic incident which a PROSECUTOR for Md. OVERCHARGED me and did it seem to promote their cause.

Nonetheless, the only thing which shows that I was wrongfully charged is the fact the judge nol processed the charges and abated my probation which was unsupervised. Thus, if I were indeed a threat or criminal this would not have happened. Moving forward I learned from this and I willingly

<Tamika.RobinsonMajor@RockdaleCountyGA.gov>
**Subject:** Accreditation Process

Hello Mrs. Robinson:

I left you a voicemail inquiring how long the accreditation process will take.
I am respectfully inquiring because I was curious.

Thank you in advance,

Edward Eaves

**From:** **Edward Eaves <edward_eaves@yahoo.com>**
**To: Tamika Robinson Major**
**<tamika.robinsonmajor@rockdalecountyga.gov>**
**Cc: Michael Camp**
**<michael.camp@rockdalecountyga.gov>**
**Sent: Tuesday, August 13, 2019, 04:57:12 PM EDT**
**Subject: Re: Accreditation Process**

Hello Sgt. Camp: